```
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO
----------------------------------------------------------------------
THOMAS E. PEREZ, Secretary of Labor,           : Civil Action
United States Department of Labor,             :
                                               : File No.
        Plaintiff                              :
                                               :
            v.                                 :
                                               :
PUERTO RICO POLICE DEPARTMENT and              :
COMMONWEALTH OF PUERTO RICO,                   :
                                               :
        Defendants                             :
----------------------------------------------------------------------
```

## INTRODUCTION

1.  Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act" or "the FLSA"), alleging that Defendants violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, to recover back wages and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

2.  The FLSA generally requires that employers pay their hourly employees one and one-half times their regular hourly rate for all hours over 40 in a workweek. 29 U.S.C. § 207(a)(1). Specified public agencies may compensate employees for overtime by granting one and one-half hours of compensatory time for every overtime hour worked. 29 U.S.C. § 207(o)(1).

3.  The FLSA caps the number of compensatory time hours that a law enforcement employee may accrue at 480. After an employee reaches that maximum, the employer must pay monetary compensation for additional overtime hours worked. 29 U.S.C. § 207(o)(3)(A).

4.      Upon termination of employment, employees are entitled to monetary payment for any accrued compensatory time earned under the FLSA. 29 U.S.C. § 207(o)(4).

5.      From June 13, 2010 through August 31, 2014, Defendant PUERTO RICO POLICE DEPARTMENT ("PRPD") denied thousands of its employees proper overtime compensation by failing: (1) to pay cash compensation for all overtime hours worked in excess of 480; (2) to pay cash compensation for unused compensatory hours upon termination or retirement; (3) to compensate police cadets for all hours worked; (4) to compensate officers for overtime hours worked related to canine care; and (5) failing to include certain bonuses and payments to officers participating on federal task forces in the officers' regular hours rates for purposes of overtime. As a result, approximately 2,642 current and former PRPD employees are owed $8,732,386.52 in unpaid overtime wages.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

7.      Venue of this action lies in the United States District Court for the District of Puerto Rico because Defendants reside in Puerto Rico and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

### The Parties

8.      Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages, and is the proper plaintiff for this action.

9.      Defendant PRPD is a law enforcement agency and agent of the Commonwealth of

Puerto Rico. PRPD provides general policing and law enforcement throughout Puerto Rico. PRPD also operates a police training academy, the Colegio Universitario Justicia Criminal ("CUJC"), to train police cadets. PRPD employs over 17,000 officers.

10.     Defendant COMMONWEALTH OF PUERTO RICO is the government of Puerto Rico. Puerto Rico has approximately 3,474,000 residents and is an unincorporated territory of the United States.

11.     Defendants are "public agencies" within the meaning of the FLSA. 29 U.S.C. §§ 203(c), 203(x).

12.     As public agencies, Defendants are an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(C).

13.     Defendant PRPD has regulated the employment of all persons employed by it, acted directly and indirectly in the interest of the PRPD in relation to its employees, and thus is an "employer" of employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

14.     On or about June 29, 2012, Defendants and the Secretary knowingly and voluntarily entered into a statute of limitations tolling agreement.

**PRPD's Overtime Practices**

15.     During the period of June 13, 2010 through August 31, 2014 (the "relevant time"), Defendants allowed hourly employees employed in a public safety activity to accrue unused compensatory time in excess of 480 hours.

16.     During the relevant time, Defendants did not pay hourly employees monetary compensation for overtime hours in excess of the 480 compensatory hour limit.

17.     During the relevant time, many police officers retired or terminated their employment with the PRPD and had unused compensatory time. Defendants did not pay the

unused compensatory time in monetary compensation to employees upon their separation or retirement from the PRPD.

18.     During the relevant time, PRPD employed officers in the Canine Unit ("K-9 Officers") to work with and handle police dogs. K-9 Officers are responsible for feeding, grooming, and caring for the police dogs that they handle. PRPD failed to record all hours spent by K-9 Officers on care and maintenance of their police dogs during the workweek and as a result did not pay all K-9 Officers for such time. This failure resulted in approximately two hours of unpaid overtime each workweek for at least one K-9 Officer.

19.     During the relevant time, PRPD paid at least three K-9 Officers at straight time for overtime hours in excess of 40 in some workweeks.

20.     During the relevant time, PRPD also employed over 100 employees in various task forces in conjunction with federal law enforcement agencies ("Task Force Officers"). Some of these Task Force Officers were also employed as canine handlers.

21.     Task Force Officers received a fixed semi-monthly payment known as "premium pay" as well as an additional bonus pay regardless of whether they worked overtime hours or not. Defendants did not include these additional amounts in the regular rate of Task Force Officers for the purposes of paying overtime premiums.

22.     Further, for at least ten Task Force Officers employed as canine handlers, Defendants failed to pay for all hours on duty and did not record or pay for all hours spent by these canine handlers on the care and maintenance of police dogs each workweek. This failure resulted in unpaid overtime hours for Task Force Officers employed as canine handlers in many workweeks.

23.     During the relevant time, Defendants employed many classes of police academy

cadets at the CUJC training academy. PRPD recorded and paid cadets at CUJC for approximately 40 hours of work each week. However, PRPD did not record or pay for additional hours that cadets were required to be at CUJC participating in mandatory activities such as physical training, formation time, and mandatory study time. If cadets did not attend these activities, they were disciplined. Cadets were not free to use this time for their own purposes. As a result of this failure, PRPD failed to pay cadets any wages for approximately 8 overtime hours of work each week.

### PRPD's Recordkeeping Practices

24. During the relevant time, PRPD failed to record all hours of work of its employees, including certain mandatory training time for cadets, and failed to record all hours of work for K-9 Officers and Task Force Officers employed as canine handlers.

25. Further, during the relevant time PRPD implemented a computerized time and attendance system known as "E-Time." This system did not always function properly and, as a result, the E-Time record failed to include all hours worked each week and contained inaccurate or otherwise incorrect hours.

### Prior FLSA Investigations and Payment of Back Wages

26. The U.S. Department of Labor, Wage and Hour Division, has investigated PRPD for FLSA compliance many times prior to the relevant time, and PRPD has paid significant back wages to its employees as a result of those investigations. For example, in 2003, the Wage and Hour Division found extensive violations for the PRPD's failure to pay for compensatory time hours in excess of the 480 limit as well as a failure to record all overtime hours. As a result, PRPD paid over $1.7 million in back wages to 340 employees.

27. Similarly, in 2007 the Wage and Hour Division conducted an investigation and

found that PRPD was failing to pay for compensatory time hours in excess of the 480 limit. As a result, PRPD paid over $3 million in back wages to 654 employees.

28. In 2009, the Wage and Hour Division conducted an investigation of the canine unit and determined that PRPD was failing to compensate K-9 Officers for all overtime hours worked. As a result, PRPD paid over $1.5 million in back wages to 93 employees.

29. During each of these investigations, Wage and Hour division personnel explained the principles of FLSA compliance to PRPD, including the requirements for record keeping, payment of overtime premiums, and the 480 hour cap on the accrual of compensatory time.

**FIRST CAUSE OF ACTION**
**Violation of Sections 7and 15(a)(2) of the FLSA, Failure to Pay Overtime Wages**

30. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 29 of the Second Amended Complaint.

31. As described above, by failing to pay cash compensation for overtime for hours in excess of 480 cap, failing to pay cash compensation for unused compensatory time to employees separating from employment, failing to pay K-9, Task Force Officers, and cadets for all hours worked, and failing to include all premium pay and bonuses in the regular rate, Defendants have willfully and repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act. Defendants have employed their employees listed on Exhibit A for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

32. Therefore, Defendants are liable for unpaid overtime compensation owing to their employees under section 7 of the Act and prejudgment interest under section 17 of the Act.

33.     As described above, Defendants' actions have been willful.

## SECOND CAUSE OF ACTION
**Violation of Sections 11(c) and 15(a)(5) of the FLSA, Recordkeeping**

34.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 33 of the Second Amended Complaint.

35.     Defendants have willfully and repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make, keep, and preserve adequate and accurate records as prescribed by the Regulations issued and found at 29 CFR Part 516.

36.     As described above, Defendants' actions have been willful.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against defendants providing the following relief:

(1)     An injunction issued pursuant to Section 17 of the Act permanently restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

(2)     An injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees listed on Exhibit A to this Complaint for the period June 13, 2010 through August 31, 2014 and prejudgment interest computed at the Current Value of Funds (CVF) rate determined by the Secretary of the Treasury pursuant to 31 U.S.C. § 3717(a)(1);

(3)     An order awarding Plaintiff the costs of this action; and

(4)     An order granting such other and further relief as the Court may deem necessary or appropriate.

DATED:     October 18, 2016
           New York, New York

                                        Respectfully submitted,

                                        M. PATRICIA SMITH
                                        Solicitor of Labor

                                        *s/ Jeffrey S. Rogoff*
                                        JEFFREY S. ROGOFF
                                        Regional Solicitor

                                        *s/ Molly K. Biklen*
                                        MOLLY K. BIKLEN
                                        U.S.D.C.-P.R. Bar No. G01602
                                        Supervisory Trial Attorney
                                        U.S. Department of Labor
                                        Office of the Regional Solicitor
                                        201 Varick Street, Room 983
                                        New York, NY 10014
                                        (646) 264-3676
                                        (646) 264-3660 (fax)
                                        Biklen.Molly@dol.gov
                                        NY-SOL-ECF@dol.gov

                                        U.S. Department of Labor,
                                        Attorneys for THOMAS E. PEREZ,
                                        Secretary of Labor, Plaintiff